# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JAY LORIGO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>K. CLARK, et al.,<br><br>　　　　Respondents. | 1:08-CV-00972 AWI JMD HC<br><br>ORDER DIRECTING RESPONDENT TO FURNISH COMPLETE COPY OF TRANSCRIPT FROM AUGUST 10, 2005 BOARD OF PAROLE HEARING |

　　　　On February 8, 2008, Petitioner filed a petition for writ of habeas corpus with the Eastern District of California. (Court Doc. 1). The instant case was transferred intra district to this Court on July 10, 2008. (Court Doc. 6).

　　　　The petition challenges the decision by the California Board of Parole Hearing (the "Board") to deny Petitioner parole. (Answer at 1). Petitioner appeared before the Board on August 10, 2005. (*See* Answer Ex. 2).

　　　　Respondent filed an answer, replying to the claims set forth in the petition on December 4, 2008. (Court. Doc. 18). Included in the exhibits, Respondent submitted a portion of the parole hearing transcript from August 10, 2005. The portion submitted by Respondent contains only the Board's decision, consisting of pages 97 through 109 of the transcript.

　　　　Rule 5 of the Rule Governing Section 2254 Cases states that, "respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished."

1    Where a petitioner is challenging the Board's denial of parole based on due process grounds,
2 the court must "must review the record in order to determine whether the state court decision holding
3 that these findings were supported by 'some evidence' in [petitioner's] case constituted an
4 unreasonable application of the 'some evidence' principle articulated in [*Superintendent v. Hill*, 472
5 U.S. 445, 454 (1985)]." *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007).  Thus, the Court finds
6 that a complete transcript of the August 10, 2005 hearing is required for the Court's adjudication of
7 Petitioner's claims.  This is especially true as the State Superior Court cited to the missing portion of
8 the transcript in its decision.
9    Accordingly, the Court orders Respondent to furnish a complete copy of the August 10, 2005,
10 Board of Parole Hearing transcript, within fifteen (15) days from the date of service of this order.
11 IT IS SO ORDERED.
12 **Dated:    July 22, 2009**           **/s/ John M. Dixon**
                                          UNITED STATES MAGISTRATE JUDGE