UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD JAY LORIGO, | ) | 1:08-CV-00972 AWI JMD HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | OBJECTIONS [Doc. 23] |
| v. | ) | |
| | ) | |
| K. CLARK, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On February 8, 2008, Petitioner filed a petition for writ of habeas corpus with the Eastern District of California, challenging a decision by the Board of Parole Hearing (the "Board") to deny him parole. (Answer at 1). Petitioner appeared before the Board on August 10, 2005. (*See* Answer Ex. 2).

Respondent replied to the claims set forth in the petition on December 4, 2008. (Court. Doc. 18). Respondent included in the reply a portion of the transcript for the parole hearing. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases ("Rule 5"), the Court ordered Respondent to furnish a complete copy of the August 10, 2005 hearing. Rule 5 states that "respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished."

Respondent contends that this order is erroneous as a federal habeas court is barred form considering evidence that was not in the State court record. Respondent argues that the Court may not consider the entire transcript as Petitioner did not attach the entire transcript to any of his state

1 court pleadings. The Court acknowledges that a federal habeas court must assess whether the State
2 court's decision was unreasonable "in light of the record the court had before it." *Holland v.*
3 *Jackson*, 542 U.S. 649, 652 (2004).
4     However, Respondent does not cite to any authority that the state court's record is limited to
5 pleadings submitted by Petitioner. In this instant case, the Los Angeles County Superior Court's
6 opinion specifically cites to the requested portion of the parole hearing transcript. Thus, the record
7 before the Superior Court obviously included the entire transcript.
8     Accordingly, Respondent's objections are DENIED.
9 IT IS SO ORDERED.
10 **Dated:   August 17, 2009**               **/s/ John M. Dixon**
                                                            UNITED STATES MAGISTRATE JUDGE